UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PNC BANK, N.A.

      Plaintiff,

v.                                         Case No. 8:13-cv-2461-T-30MAP

DISPUTESUITE.COM, LLC, *et al.*

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff PNC Bank's motion for entry of amended or deficiency judgment and motion to compel fact information sheet (doc. 31) and the parties' stipulation as to a deficiency judgment (doc. 34) are before me.[1]  For the reasons that follow, I recommend Plaintiff's motion be granted.

      In September 2013, Plaintiff brought this action against Defendants, a borrower and a guarantor on six different obligations (docs. 1, 10).  A year later, the parties entered into a settlement agreement (*see* docs. 24-25).  A year after that, Defendants defaulted on a payment under the settlement, prompting the District Judge (at the parties' request) to reopen the case and enter a stipulated and agreed final judgment in Plaintiff's favor (doc. 30).  The judgment provided that the United States Marshal "shall offer the Mortgaged Property for public sale to the highest and best bidder," and detailed procedures for the sale and notice to the Court (*Id*. at 5).  Plaintiff did not follow these procedures and instead sold the mortgaged property (located on Regency Park Boulevard in Port Richey) for $78,451.56 in what the parties agree was an arms-length, third party

---

[1] The District Judge referred the matter to me for a report and recommendation.  I scheduled an evidentiary hearing for earlier this month but cancelled it once the parties filed their stipulation.

short sale in November 2015 (docs. 31, 34). Plaintiff now seeks an amended or deficiency judgment reflecting the sale proceeds and an order compelling Defendants to provide them with a fact information sheet (consistent with Florida Rule of Civil Procedure Form 1.977 and paragraph 16 of the stipulated and agreed final judgment, doc. 30 at 8). The parties stipulate that the fair market value of the Regency Park Boulevard property is $78,451.56, the amount of the short sale (doc. 34).

In Florida,[2] if a mortgage "secures the outstanding principal indebtedness together with all interest and costs and the judicial foreclosure sale is insufficient to cover all such sums, the mortgagee is entitled to a deficiency judgment for the balance due." *FDIC v. Circle Bar Ranch, Inc.*, 450 So.2d 921, 922 (Fla. 5th DCA 1984). The court has the sound discretion to determine whether to execute a deficiency decree in mortgage foreclosure cases. Fla. Stat. § 702.06. In exercising this discretion, the court may consider the reasonable and fair market value of the property, the reasonableness of the foreclosure sale price, and other equitable considerations. *Devonshire Park, LLC v. FDIC*, No. 8:08-cv-2083, 2013 WL 11326075, at *2 (M.D. Fla. Mar. 29, 2013), citing *FDIC v. Hy Kom Dev. Co.*, 603 So.2d 59, 61 (Fla. 2d DCA 1992). But this discretion is not absolute; a court must support its decision to grant or deny a deficiency judgment with "established equitable principles as applied to the facts of that case." *Id.*, citing *Sheneman v. Barnett*, 53 So.2d 641, 641 (Fla. 1951). In Florida, the granting of a deficiency judgment functions as the rule rather than the exception unless equitable circumstances support a denial. *Hy Kom*, 603 So.2d at 61 (citation omitted).

Courts faced with whether to grant a deficiency judgment engage in a two-step analysis.

---

[2] Florida substantive law applies as to deficiency issues in a diversity case. *See FDIC v. Morley*, 915 F.2d 1517, 1520 (11th Cir. 1990).

First, the court determines the deficiency amount by subtracting the fair market value of the property from the total debt (as secured by the judgment). *See Empire Dev. Grp., LLC v. Liberty Bank*, 87 So.3d 51, 53 (Fla. 2d DCA 2012). The secured party has the burden to demonstrate that the fair market value of the property is less than the total debt secured by the final judgment. *Devonshire*, 2013 WL 11326075, at *2, citing *Chidnese v. McCollem*, 695 So.2d 936, 938 (Fla. 4th DCA 1997). If a deficiency exists, the court then looks to equitable circumstances that may warrant a reduction. *Chidnese*, 695 So.2d at 938.[3] A court may refuse to award a deficiency decree, or may award a reduced one, if the decree would be wholly inequitable.

Here, the total debt as secured by the stipulated and agreed final judgment (doc. 30) is $487,596.58. The parties stipulate that the fair market value of the Regency Park Boulevard property is the short sale price of $78,451.56, and they agree that the short sale was an arms-length transaction involving a third party (doc. 34). The court is permitted to consider the sale price in determining fair market value. *See Trustees of Cent. States Southeast & Southwest Areas v. Indico Corp.*, 401 So.2d 904 (Fla. 1st DCA 1981) (fair market value defined as the price a willing buyer would pay to a willing seller); *Fara Mfg. Co., Inc. v. First Fed. Sav. & Loan Ass'n of Miami*, 366 So.2d 164, 165 (Fla. 3d DCA 1979) (in absence of contrary evidence, court can assume that the sale price reflects fair market value).

With this in mind, I accept the parties' representation that $78,451.56 is the value of the Regency Park Boulevard property. Plaintiff also request a total of $1,026.87 in interest (doc. 31 at

---

[3] For example, the court may inquire into the reasonableness of the foreclosure sale price, a contention that the foreclosure sale was not arms-length, allegations of wrongful conduct or unclear hands, and whether the sale was fraudulent. *Devonshire*, 2013 WL 11326075, at *2, citing *Flagship State Bank of Jacksonville v. Drew Equip. Co.*, 392 So.2d 609, 612-13 (Fla. 5th DCA 1981).

3).[4]  The value of the debt secured by the stipulated and agreed final judgment ($487,596.58) far exceeds the fair market value of the property ($78,451.56) plus interest ($1,026.87). Consequently, a deficiency in the amount of $410,171.89 exists.  The parties offer no argument or evidence regarding equitable considerations that might support either a reduction or the elimination of the deficiency, and the court is not otherwise aware of any.  Accordingly, I recommend that a deficiency judgment in the amount of $410,171.89 be entered.

In addition, Plaintiff asks the court to compel Defendants to produce a fact information sheet. The stipulated and agreed final judgment directs Defendants to "complete, execute before a notary, and transmit to the Bank within forty-five (45) days from the date of entry hereof, a 'Fact Information Sheet' that is complete, accurate, and truthful," consistent with Florida Rule of Civil Procedure Form1.977 (doc. 30 at 8).  This form requests detailed information on a debtor's assets and liabilities.  Apparently Defendants have not complied with this provision of the judgment (at least they had not when Plaintiff filed its motion; whether Defendants have since complied is not addressed in the parties' stipulation, doc. 34).  Therefore, I recommend that Defendants also be directed to comply with the provision of the judgment that requires them to submit a fact information sheet to Plaintiff.

---

[4] This amount represents $323.15 in interest on the original judgment amount at the rate of 0.41%, calculated from the day after the Court entered judgment until the date of the short sale; and $703.72 in interest on the deficiency amount (judgment amount minus the short sale proceeds) at the same rate, from the day after the short sale until Plaintiff filed its motion.  The interest rate is set by the Federal Reserve in accordance with the federal post-judgment interest statute for civil judgments, 28 U.S.C. § 1961. *See* http://www.federalreserve.gov/releases.

Upon consideration, it is RECOMMENDED:

(1) Plaintiff's motion for entry of amended or deficiency judgment and motion to compel fact information sheet in compliance with judgment (doc. 31) be GRANTED;

(2) A deficiency judgment be entered in Plaintiff's favor and against Defendants in the amount of $410, 171.89, plus interest accruing on this amount at the statutory rate from April 30, 2016 (the day after Plaintiff filed its motion), through the date of the deficiency judgment; and

(3) Defendants be directed to provide Plaintiff with a fact information sheet in compliance with paragraph 16 of the stipulated and agreed final judgment (doc. 30).

IT IS SO REPORTED in Tampa, Florida on September 26, 2016.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).